ELI J. HULSEY *et al.* plaintiffs in error, *vs.* WARREN J. CLARK, defendant in error.

1. Where the description in a deed is so ambiguous as to leave it doubtful whether a certain piece of land was intended to be included in what was conveyed, parol evidence is admissible to identify the premises.

2. As the record does not show the charge of the Court on the question of the statute of limitations, and as that depends on the fact whether the prior possessions to which defendant must tack his, were adverse or not, and whether his or those to which he must so tack were in succession, all of which was a matter for the jury under the charge of the Court, we do not feel authorized to interfere with the verdict on the ground that it was contrary to law or against the evidence.

Ejectment. New trial. Evidence. Ambiguity. Before Judge HOPKINS. DeKalb Superior Court. September Term, 1872.

Warren J. Clark brought complaint against Eli J. Hulsey and William G. Mitchell for part of lot number twenty-eight,

in the sixteenth district of DeKalb county, it being on the northeast corner of said lot, and on the northeast side of South river, containing three and a half acres, more or less. The defendants pleaded the general issue and the statute of limitations.

The evidence made the following case: The plaintiff claimed under a deed conveying "all that part of lot number twenty-eight, lying on the northwest side of said branch." The branch had been identified in a preceding part of the deed as running through the corner of lot number twenty-seven. It ran in a northeast direction, but did not run quite through lot number twenty-eight. It emptied into a river running through the northeast corner of the lot, crossing the north and south boundary line of the lot on the east side a short distance from where the branch joins the river. The land in dispute was that part of the lot in the northeast corner cut off by the river, and the question was, did the deed convey that portion? Plaintiff claims under a deed made in 1847, by one Collier, under a power of attorney from one Lofton. The land was afterwards conveyed to Minter, and by Minter, in 1862, to plaintiff. Each deed described the land alike, the power of attorney to Collier describing it as on the north and west sides of the branch.

It was in proof that neither of plaintiff's predecessors in the title, and who were given in the abstract of title attached to the declaration, was ever in possession of the premises in dispute, and that plaintiff never claimed them until 1869, and instituted his action in 1870.

On the trial defendant offered to prove by one George W. Morris that at the time Minter sold to plaintiff "it was agreed and understood by them that a certain fence row or hedge row, which was pointed out at the time, was the northeast boundary of that part of lot number twenty-eight sold by Minter to Clark, the plaintiff, and that he did not own or sell any land northeast of said line."

The Court, on plaintiff's motion, rejected the evidence.

The "fence row, or hedge row," proposed to be proved, ran

Hulsey *et al. vs.* Clark.

nearly northwest from the mouth of the branch, on the west side of the river, cutting off not only the premises in dispute, but a small portion of the lot on the upper line, lying west of the river.

The jury found for the plaintiff. The defendants moved for a new trial on account of error in the aforesaid rejection of testimony, and because the verdict was contrary to the law and the evidence. The motion was overruled, and the defendants excepted.

The record fails to disclose the charge of the Court.

WILLIAM EZZARD; HULSEY & TIGNER, for plaintiffs in error.

L. J. WINN; HILLYER & BROTHER, for defendant.

TRIPPE, Judge.

1. Upon looking at the plat of lot number twenty-eight, which was in evidence, and which was in accordance with the description given of the premises in the report of the facts of this case, it was evident that the question might be very easily raised whether or not the land sued for was included within the boundaries set forth in the deed, to-wit: that part of lot twenty-eight, lying northwest of a certain branch. The branch did not run through the lot, but emptied into a river, which cut off a few acres of the northeast corner of the lot, the river passing out of the lot across the eastern boundary not very far from said corner. A glance at such a plat, at once discloses the difficulty of determining whether those few acres did or did not pass by the deed. The Court below seemed to think they did pass, and excluded the testimony which was offered to prove that the parties did not intend to include them in the deed. The Chief Justice, concurring in the judgment admitting the evidence, puts his opinion on another ground, and does not think that the part sued for can be included within the description given by the deed. Moreover, it was in evidence that neither the plaintiff or his predecessors in the title ever had possession of that part of the lot, nor ever

claimed it from 1847 to 1869, yet a verdict was rendered in his favor. There is, evidently, an ambiguity; at least, the conflicting views that have been taken of this deed strongly suggest one. The plaintiff below claimed that, because the branch runs so nearly through the lot, the little corner cut off in the northeast was certainly not intended to be left attached to the balance of the lot, which it joins by so narrow a boundary that a fair construction of the terms "northwest side," in one instrument, and "north and west side," in another, entitle him to the premises, and should exclude all parol testimony to the contrary.

The defendant insists that such a long non-claim of title and long continued acquiescence in the possession by others, and that the words of the deed, strictly construed, do not include the premises, at least that all these together make a case where all evidence as to what the parties understood the boundaries to be, when the deed was executed, or the contract of sale was made, should be admitted. The Code, now, in section 3748, admits parol evidence to explain all ambiguities, both latent and patent. Parol evidence is, of necessity, admissible to apply a writing to its subject, and is competent to show what parcel of land fits all the parts of the description in a deed: 20 *Georgia*, 689. If, in making that application, any ambiguity arises as to what does fit the description used by the parties, why may not the express understanding of the parties be used as a solution of the question?

2. The record does not show what was the charge of the Court on the question of the statutes of limitation. The defendant must either show that he has had the possession the statutory term, or that, added to his, the possession of others *under whom he claims*, will make that term. The prior possessions should be in succession. All this was a question for the jury under the charge of the Court.

Judgment reversed.

WARNER, Chief Justice, concurring.

I concur in the judgment of the Court in this case, but hold that the plaintiff's deed did not include or cover the land in dispute. The words of the plaintiff's deed are "to all that part of lot number twenty-eight in said district, lying on the northwest side of said branch, containing two hundred and fifty acres, be the same more or less." The land in dispute is northeast of the branch, across the river. There is no ambiguity on the face of the plaintiff's deed, and therefore parol evidence was not admissible to explain it. If the bed or run of the branch had been changed or altered since the execution of the deed, parol evidence would have been admissible to show that fact, but not otherwise. The plaintiff's deed calls for the · land "laying on the northwest side of the branch," as it then run, at the time of his purchase of it, and he must recover on the strength of his own title, although the defendants have none, except the naked possession. As the Court admitted parol evidence in relation to the title of the land in dispute, the evidence of Morris should also have been admitted.