## HARRIS *v.* BRANDON *et al.*

BECK, J.    1. In a suit upon a promissory note given in part payment of the purchase of timber upon several lots of land, where the contract for the sale and purchase is in writing, signed by the vendor and purchaser, and where the defendant pleads that he was ignorant of the numbers of the lots and relied upon the plaintiff for their correct designation. and that the plaintiff fraudulently omitted from such writing one of the lots which was intended to be conveyed, although he had pointed out the timber on that lot, indicating it as a part of the timber sold, and that as a consequence the consideration has failed to that extent and the defendant has sustained damages because thereof, which plea contains no prayer for the reformation of the contract: *Held*, that as the defendant is claiming and has actually enjoyed the fruits of the contract relative to a part included in the sale, he can not insist upon a defense depending upon a parol contract of a date

anterior to the writing, by virtue of which a part of the land, so alleged to have been omitted from the written contract because of fraud of the maker or mistake on his part, was to have been included, without first praying for a reformation of the contract.

2. The court erred in admitting in evidence the parol agreement and understanding in reference to the sale of the timber anterior to the execution of the written contract, and in his charge to the jury in reference thereto.        *Judgment reversed. All the Justices concur.*
                              SEPTEMBER 22, 1910.

Complaint. Before Judge Fite. Bartow superior court. May 8, 1909.

*Neel & Neel,* for plaintiff.

*Thomas W. & Watt H. Milner,* for defendants.