MORRIS *et al. v.* BECKUM.

BECK, J.  1. While laying a demise in ejectment in the name of a person dead at the time of the filing of the action may be a good ground for striking that demise, it is not ground for dismissing the action, where the declaration contains other demises laid in the name of living lessors.

2. The allowance of amendments over objection is the subject of direct exceptions by the objecting party, and can not properly be made a ground of a motion for a new trial.

3. That a deed offered by the plaintiff did not "identify the tract of land sought to be recovered" did not alone constitute a reason for rejecting the deed as evidence. If the deed contained a sufficient description of the land, other evidence could be admitted to identify the described land with that in controversy.

4. A deed describing the land conveyed by setting forth that it is bounded on the north, east, south, and west by the lands of certain named owners and by certain described watercourses, and stating the number of acres contained, is neither vague nor uncertain in its description.

5. The court properly admitted in evidence a grant of land from the State, although it did not include the land in controversy, where it contained a plat of land adjoining the land in dispute and showed the line in controversy; the court limiting the purpose for which the grant was admitted to the illustration of the disputed line.

6. Where counsel for the defendant moved for a nonsuit, and in an ensuing discussion the court pointed out to counsel certain testimony which had been introduced, and remarked that it tended to show that the land in dispute was a part of a certain survey, this remark is not cause for setting aside the verdict on the ground that the court expressed or intimated to the jury his opinion as to what had been proved, although the remark related to a material fact in the case.

7. The real controversy was as to a small area of land on which was situated a barn built by the defendant, and both parties contended that this land was included within the boundaries of their deeds. The evidence failed to show that the plaintiff and those under whom she claimed had been in possession of the land a sufficient length of time on which to base a title by prescription, and failed to show paper title in the plaintiff. Consequently a verdict in her favor was not authorized by the evidence.      *Judgment reversed. All the Justices concur.*

AUGUST 15, 1916.

Ejectment. Before Judge Graham. Montgomery superior court. May 3, 1915.

*Charles D. Loud,* for plaintiffs in error.

*A. S. Anderson* and *P. C. Herrington,* contra.