## STANALAND, administratrix, *v.* HORNE *et al.*

1. Where pending a motion for a new trial, which was subsequently overruled, the movant died, and a woman, by order of the court, was made a party, upon petition showing that she had been appointed administratrix of the estate of the decedent, and upon the overruling of the motion for new trial a bill of exceptions was sued out, assigning error upon that judgment, the writ of error will not be dismissed upon the ground that no notice was given to the opposite party, in compliance with the provisions of the Civil Code, § 5598, but it will be presumed that the court had evidence before it that notice had been given or waived. If as a matter of fact the proper notice had not been given, the respondent in the motion should have moved in time to vacate the judgment making the administratrix a party.

2. A purchaser of land from one who is in possession, who pays the purchase-money for the property and enters into possession, can tack his possession to that of his vendor, and rely upon the writing purporting to convey to his vendor, as color of title. While a defendant relying upon such color of title could not have his vendor made a party defendant for the purpose of correcting a mistake in the description of the land, and while that part of the answer seeking to have his vendor made a party should have been stricken upon demurrer, the error in overruling such demurrer and in granting an order making the defendant's vendor a party will not alone work a new trial in this case, inasmuch as the defendant could set up a prescriptive title independently of the deed to himself from his vendor, basing his claim of prescription upon the writing purporting to convey to such vendor.

3. Under the allegations in the petition and the amendments relating to the title to the property, the plaintiff would be entitled to recover upon proof establishing the allegations, unless, by competent evidence, the defendant shows title by prescription in himself.

4. A deed describing the land conveyed as being in a given district, and known as the "Ivey Place," was not objectionable on the ground that it was immaterial and irrelevant merely because of an erroneous recital of the district in which the land was situated. Under such a description aliunde evidence was admissible to show the applicability of the expression "Ivey Place" to the land in question.

5. Certified copies of certain deeds referred to in ground 2 of the amendment to the motion for new trial were rejected upon objection by defendant's counsel on the ground that "the originals had not been accounted for, and that it had not been shown there was any possession under the deeds." *Held*, that the deeds should not have been excluded from evidence upon the grounds stated. And the same ruling is ap-

Adverse Possession, 2 C. J. p. 85, n. 38; p. 154, n. 81; p. 174, n. 78; p. 276, n. 59.

Appeal and Error, 4 C. J. p. 753, n. 63; p. 924, n. 1; p. 936, n. 84.

Ejectment, 19 C. J. p. 1105, n. 48; p. 1161, n. 57; p. 1168, n. 10.

Evidence, 22 C. J. p. 1050, n. 25; p. 1270, n 65.

Deeds, 18 C. J. p. 431, n. 28.

plicable to the deed referred to in the 3d ground of the amendment, to the exclusion of which the plaintiff in error excepts.

6. One in possession of land under a bond for title from one person can not, while so holding the land, attorn to another as tenant, so as to make his possession adverse to the party under whom he went into possession, without notice to the latter.

7. The court did not err in excluding evidence offered by the plaintiff to show that there had been a "prior suit between M. J. Stanaland and J. W. Horne, the land being therein described as the north half of lot 47 in the 18th district of Thomas County, Georgia, and without other descriptive matter."

8. Under the evidence in the record, and that which should have been admitted but was erroneously excluded, the verdict in favor of the defendants should not have been directed by the court.

No. 6094. FEBRUARY 17, 1928. ADHERED TO ON REHEARING, MARCH 3, 1928.

Complaint for land. Before Judge Eve. Thomas superior court. May 16, 1927.

*P. C. Andrews* and *S. P. Cain,* for plaintiff.

*C. E. Hay,* for defendants.

BECK, P. J. M. J. Stanaland brought complaint for land against J. W. Horne. Horne vouched his grantor, F. M. Shore, into court, and both defendants pleaded prescription by seven years of peaceable and adverse possession under color of title. The plaintiff's petition was filed on May 19, 1923. The defendants claimed under a sheriff's deed to Shore, dated November 2, 1915, and a deed from Shore to Horne, dated November 29, 1915, with continuous adverse possession from November 2, 1915, to May 19, 1923. The land in question was the north half of lot No. 47 in the 23d district of Thomas County, Georgia. It was so described in the petition and in the sheriff's deed to Shore. Both defendants further pleaded that it was their intention so to describe it in the deed from Shore to Horne, but that through a mistake of the scrivener, as well as of both grantor and grantee, the land was therein described as the north half of lot No. 27, instead of 47, the latter being the number then and there intended by all parties connected with the transaction. Both defendants prayed that the deed from Shore to Horne be so reformed as to correct the said mistake. Plaintiff's objections to Shore being made a party were overruled, and plaintiff excepted pendente lite. Upon the trial a verdict in favor of the defendants was directed by the court, reforming the deed from Shore to Horne as prayed and finding the title to the land to be in Horne. A decree was en-

tered accordingly. The plaintiff moved for a new trial. Later Miss Martha Stanaland presented to the court an amendment, or ex parte petition, averring the death of the plaintiff, M. J. Stanaland, and her appointment as administratrix of his estate, and praying to be made party plaintiff. Her petition was allowed and filed, but, so far as the record shows, no notice was given to the opposite party, nor was any order to show cause issued. The motion for a new trial was overruled, and the plaintiff excepted.

1.. A motion was made to dismiss the writ of error, upon the ground that the defendants had no notice of the order making Martha Stanaland a party in the place of M. J. Stanaland. This motion must be overruled. While it does not appear that notice was given to the opposite party of the application of Miss Martha Stanaland to be made a party in the place of the original plaintiff, of whose estate she had been appointed administratrix, nevertheless it will be presumed that the court had before it evidence of her having been duly appointed administratrix, and of notice to the opposite party of her application to be made a party. Section 5598 of the Civil Code declares, that, "When a plaintiff in any cause now or hereafter pending shall die, the executor or administrator of such plaintiff may be made party on motion, to be made in writing, of which the defendants or their counsel shall have notice." If as a matter of fact there was no compliance with this section, the defendants should have moved at once, upon learning that the administrator had been made a party, to vacate the order, and should not have waited until the case was in this court, when if his motion to dismiss should be sustained plaintiff in the court below would be absolutely remediless.

2. The defendants relied in part upon prescriptive title growing out of seven years adverse possession under color of title, and, after answering the parts of the petition setting up the facts upon which plaintiff relied for a recovery, answered further, alleging that the defendant Horne had purchased the land in question from Shore, who executed to Horne a deed to the land, but by mistake of the scrivener the description of the premises was erroneous; and praying that Shore be made a party defendant, and that the deed be reformed and the description corrected. The plaintiff demurred to so much of the answer as sought to make Shore a party. The demurrer was overruled, and an order making Shore a party was

granted. To this order the plaintiff excepted. The objection to that part of the answer should have been sustained. The defendant is relying upon the deed conveying the land in question, as color of title. Shore had previously bought the land at sheriff's sale, and no attempt is made to show title in Shore's predecessor in title; and one who relies upon a writing as color of title can not have it so reformed, as against a third party, as to make it effective as color of title from its original date. A writing relied upon as color of title must describe the land claimed by the grantee in such a writing, in order to make the latter's possession for the prescriptive period under such writing good as against a third party. For a deed to be color of title, it must purport to convey the land in question. As color of title is some writing which defines the extent and character of the claim to land, with parties from whom it may come and to whom it may be made, the grantee in a deed can acquire by prescription no greater or different estate than that defined in his deed. It is possession of the land, actually and sufficiently described in the writing, for the period of seven years which gives the prescriptive title. Possession under a writing which insufficiently describes the land, or which describes a totally different tract of land, can not ripen into a prescriptive title within seven years. And prescriptive title arising from possessio pedis is not involved in this case. Defendants do not claim to have been in possession of the land for a period of twenty years.

But while Horne could not have had his vendor, Shore, made a party for the purpose of having Shore's deed to him corrected, so that it would set forth a correct description of the land conveyed by that deed, a new trial will not be granted and a verdict in favor of the defendant set aside for this error alone. It is not material to the defense that the deed from Shore, the purchaser at the sheriff's sale, to Horne, his vendee, should be corrected or changed; for even if that correction had not been made, Horne could have relied upon the written title of his vendor, the sheriff's deed; and if the evidence established that he and his predecessor in title had been in open, notorious, and adverse possession of the land under a claim of right for the statutory period, a prescriptive title would have ripened. That is, where one purchases land from another who is in possession under written evidence of title, and pays the purchase-money and goes into possession thereof, claim-

ing title to the land by virtue of such purchase, his possession can be tacked to that of his vendor, and he can rely upon his vendor's written evidence of title as color of title. And in the present case the defendant claimed to in adverse possession of the land under and by virtue of the sheriff's deed made to his predecessor in title.

3. Plaintiff by his petition sets forth the following derivation of title: Warranty deed from W. L. and Mrs. W. S. Bibb, executed October 3, 1885, to T. P. Applewhite, conveying the land in controversy, under which deed Applewhite went into possession of the land on the date stated until December 2, 1904, during which time Applewhite "possessed the land in good faith under the deed, peaceable, publicly, continuously and exclusively." On December 2, 1904, Applewhite executed his deed conveying the land to Simon P. Ivey, which deed was recorded, and Ivey executed his warranty deed conveying the land to Georgia Land & Timber Co., a corporation. In January, 1911, the Georgia Land & Timber Company by deed conveyed the land to A. J. Stanaland and C. H. Ferguson, "said land being by mistake described as being the east half of said lot, and to correct this mistake the Georgia Land & Timber Co. on the———day of May, 1904, executed a warranty deed to A. J. Stanaland and C. H. Ferguson, describing the land as the north half of said lot, as will appear of record," etc. In June, 1914, "said A. J. Stanaland executed his warranty deed to C. H. Ferguson, conveying all his one-half interest in the land, thereby putting the entire title to the land in said Ferguson." On September 13, 1915, Ferguson executed a deed conveying the property to petitioner. This last deed "by mistake describing the land as being in the 18th district, the said C. H. Ferguson did, on the 20th day of April, 1921, execute to petitioner his quitclaim deed correcting that mistake and conveying the land as correctly described, that is, all the north half of lot No. 47 in the 23rd district," etc.

Under the allegation in the petition and amendments thereto relating to the title to the property, the plaintiff would have been entitled to recover upon proof establishing those allegations, unless the defendant, by competent evidence, showed title by prescription in himself.

4. The first ground of the amendment to the motion for a new trial assigns error upon a ruling excluding from evidence a deed

from C. H. Ferguson to M. J. Stanaland, dated September 13, 1915, duly witnessed and recorded, in which is contained the following description of the land in question: "All of the north half of lot number 47 in the 18th district of Thomas County, Georgia, this conveyance being subject to a bond for title given to Moses Hall, said land known as the Ivey Place." In reference to this deed the following testimony was introduced, as recited in this ground of the motion for new trial: "Witness C. H. Ferguson, being shown the foregoing deed, stated that it looked like his signature, that he did not know whether he signed it; that he signed the paper to Mr. A. J. Stanaland, and had never had any dealings with M. J. Stanaland. Being asked further about the deed referred to above, he stated that he thought he signed the deed; that he knew his signature, and that he thought the signature to the deed was his; that he remembered the transaction. Witness A. J. Stanaland testified that he was familiar with the north half of lot 47 in the 23d district of Thomas County, Georgia, known as the Ivey Place; that Ivey sold it to the Georgia Land & Timber Co., and that witness and C. H. Ferguson bought it of the Timber Company; that they contracted it to Moses Hall and made him a bond for title, and that Moses Hall was living on it when the deed referred to above was made; that later the witness deeded his undivided half interest in the property to C. H. Ferguson; that the deed was not recorded, and could not be found. Being shown the deed from C. H. Ferguson to M. J. Stanaland, referred to above, the witness stated that he has seen the deed before; that he had never had a deed from C. H. Ferguson to M. J. Stanaland; that it was all Ferguson's at the time; that there was always a half interest in Ferguson, and that the witness made Ferguson a deed because there was a half interest in the land to the witness. Plaintiff also tendered in evidence a quitclaim deed executed by C. H. Ferguson to M. J. Stanaland, dated April 20, 1921, witnessed by two parties, one of whom was a notary public, and recorded in Thomas County on May 6, 1921, conveying all the north half of lot 47 in the 23d district of Thomas County, Georgia. This deed made to cure error in description of deed from grantor to grantee on the 13th day of September, 1915, recorded in deed records of Thomas County, Book 3-1, page 439, was a reconveyance of the property described in this deed, but erroneously described it as being in the 18th district of said county."

When the foregoing deed was first offered in evidence by the plaintiff it was received without objection. Later it was admitted, in the trial of the case, that there was a lot in Thomas County in the 18th district known as lot number 47. Defendant moved to exclude the deed from the consideration of the jury, on the ground that it was irrelevant and immaterial to any issue in the case, the land being described as being the north half of lot 47 in the 18th district of Thomas County and the lot involved in this case being the north half of lot 47 in the 23d district of Thomas County; which motion, over the plaintiff's objection, the court sustained, and excluded the deed as evidence. Movant contends that the court erred in excluding said deed, because it was material, and because the testimony showed that the land referred to in the deed was the land involved in the case; and because the testimony showed that the number as set forth in the deed was a mistake, and that the district number 23 was intended. We are of the opinion the court erred in excluding these deeds on the ground that they were immaterial and irrelevant. The fact that the district number in which the land was situated was erroneously stated would not necessarily have the effect of rendering the deed immaterial and irrelevant; for it is recited in the deed that the land is known as the Ivey Place, and the description was sufficient to allow the introduction of aliunde evidence to establish the identity of the land in question with the Ivey Place, and to make that description applicable. *Johnson* v. *McCay,* 119 *Ga.* 196 (45 S. E. 992, 100 Am. St. R. 166).

5. The plaintiff tendered in evidence certified copies of deeds, to wit: Deed by W. L. Bibb and Mrs. W. S. Bibb to Thos. P. Applewhite, dated October 3, 1885, duly witnessed, and recorded in Thomas County, June 21, 1886, conveying the land in question. Deed from T. P. Applewhite to Simon P. Ivey, dated December 2, 1904, duly witnessed, and recorded in Thomas County, May 3, 1911, conveying the land in question. Deed from Simon P. Ivey to Georgia Land & Timber Co., dated November 3, 1909, duly witnessed, recorded in Thomas County, December 8, 1909, conveying the land in question. Deed from Georgia Land & Timber Co., by D. C. Ashley, Pres., dated January—, 1911, to C. H. Ferguson and A. J. Stanaland, duly witnessed, recorded in Thomas County, February 15, 1911, conveying "all of the east half of lot

of land number 47 in the 23rd district of Thomas County, Georgia, known as the Ivey Place." And deed from Georgia Land & Timber Co., by D. C. Asheley, Pres., and J. M. Asheley, Sec., to A. J. Stanaland and C. H. Ferguson, dated May—, 1914, duly witnessed, and recorded in Thomas County, May 28, 1914, conveying "all of the north half of lot number 47 in the 23rd district of Thomas County, Georgia, known as the Ivey Place." All of the foregoing deeds were properly certified by the clerk of the superior court. The following evidence was then introduced to account for the absence or loss of the originals, and to show possession by certain of the grantees: C. H. Ferguson testified that he did not know anything about the foregoing deeds; that he had never had them, that he did not think he had ever had any deeds in his possession covering the land in question; that a subpœna had been served on him to bring the deeds to court, and that he had looked for them and had been unable to find them. A. J. Stanaland testified that the Georgia Land & Timber Co. made C. H. Ferguson and the witness deeds to the north half of lot 47 in the 23d district, known as the Ivey Place; that the witness did not have in his possession any of the deeds referring to said land and did not have any of the foregoing deeds; that he had seen the deed the timber company made to witness and Ferguson, but did not know where they were at the time, but thought, until he heard the witness Ferguson state that he did not have them, that the deeds were in the possession of Ferguson; that where the deed made to witness and Ferguson referred to the Ivey Place it referred to the north half of lot 47; that the east half of lot 47 was not known as the Ivey Place. Notice to produce was served on the defendants, who stated that they did not know anything about the deeds. The plaintiff testified that she did not have any of the deeds to the land involved, other than the deeds made to her by C. H. Ferguson, and did not know where they were. T. P. Applewhite testified that he owned the north half of lot 47 in the 23d district about forty years ago; that he bought it from W. L. Bibb, and W. L. Bibb and his wife made him a deed; that W. L. Bibb was in possession of the land at the time of the sale; that witness went into possession after the purchase, held it about ten years, and then sold it to Simon P. Ivey; that he supposed he turned the Bibb deed and all back deeds over to Ivey; and that he does not know where Ivey is now.

We think these copies should have been admitted under the evidence introduced, relating to them and possession under them, and should not have been rejected upon the ground that "the originals had not been accounted for, and it had not been shown that there was possession under the deeds."

6. Error is assigned upon the admission in evidence of "a rent note executed by Moses Hall, November 2, 1915, payable to the order of F. M. Shore, for the sum of five dollars rent for the land in question in this case, from the date of the same to the first day of January, 1916." This evidence was objected to on the ground that Moses Hall, "being in possession under a contract of purchase, could not become a tenant of a third party and hold adversely to the party from whom he received the bond for title, and because the possession of Moses Hall was a possession under a contract of purchase, and because there was no testimony showing that said rent contract was ever brought to the attention of the plaintiff in this case." There is evidence tending to show that Moses Hall, the maker of the note in question, was on the land at the time stated, under a contract to buy it from Ferguson and A. J. Stanaland; and that being the case, the rent note tending to show that he was attorning to another party, that is, F. M. Shore, should have been rejected. "The attornment of the plaintiff's tenant to the purchaser at sheriff's sale, and his subsequent possession of the premises under the purchaser, could not be such adverse holding against the plaintiff as would create a statutory bar to his right of action, and the court properly rejected the evidence." *Buckner* v. *Chambliss*, 30 *Ga.* 652, 657. And we are of the opinion that the same rule would apply to one holding under a bond for title from a predecessor in title of the plaintiff.

7. The ruling made in the 7th headnote needs no elaboration.

8. Under the evidence in the case, and that which should have been admitted but was erroneously excluded, the verdict in favor of the defendants should not have been directed by the court.

*Judgment reversed. All the Justices concur.*

ON REHEARING.

A rehearing was granted in this case; and after written arguments were filed by counsel for plaintiff and defendant, the case was reconsidered, and the court adheres to the judgment formerly rendered, reversing the judgment upon the ground that the court

below erred in refusing a new trial. But in the opinion as first delivered a mistake appeared in the statement of facts, where the defendant Horne was referred to as having bought the land at sheriff's sale, whereas it was the defendant's vendor, Shore, who had purchased at the sheriff's sale; and in another place in that statement the same transportation of the names of Horne and his vendor occurred. That part of the opinion has been rewritten, correcting this inadvertence. And so much of the second division of the opinion as related to the defendant's claim of possession under color of title has been rewritten. Having made these changes in the opinion, additional rulings are made upon grounds of the motion for new trial, which, in the opinion as previously delivered, it was stated it was unnecessary to deal with, as all that took place after the overruling of the objection of the plaintiff to the portion of the answer seeking reformation of the deed to him from Shore was nugatory. Consequently the second division of the opinion as originally delivered is withdrawn, and all that follows the first division announces the conclusion reached by the court after reconsidering the entire case in the light of the motion for rehearing.