MILLER *et al. v.* RACKLEY.

No. 15091.   APRIL 3, 1945.   REHEARING DENIED MAY 8, JUNE 7, 1945.

374

*James Maddox,* for plaintiffs in error.

*Lanham & Parker* and *Matthews, Owens & Maddox,* contra.

DUCKWORTH, Justice. (After stating the foregoing facts.) ■
In seeking injunction and other relief in the present case, the petitioner alleged that she believed that the description in her deed, referring to the Alabama and Cave Spring public road as the northern boundary of the lands conveyed, really expressed the intention of the grantor that the old road was intended as such boundary, but she nevertheless prayed that the deed be reformed to more clearly express the real intention of the parties by inserting the word "old" before the words "Alabama and Cave Spring public road."

If the description is ambiguous but sufficient to furnish a key to the boundary, extrinsic evidence may be used to correctly apply the description to the true boundary intended by the parties. *Hul-*

*sey* v. *Clark,* 49 *Ga.* 99; *Tumlin* v. *Perry,* 108 *Ga.* 520 (34 S. E. 171); *Walden* v. *Walden,* 128 *Ga.* 126 (2) (57 S. E. 323); *Morris* v. *Beckum,* 145 *Ga.* 562 (3) (89 S. E. 704); *Tilley* v. *Malcolm,* 149 *Ga.* 514 (3) (101 S. E. 127); *Stanaland* v. *Horne,* 165 *Ga.* 685 (4) (142 S. E. 142); *Reeves* v. *Whittle,* 170 *Ga.* 408 (3) (153 S. E. 53, 72 A. L. R. 405); *Gould* v. *Gould,* 194 *Ga.* 132, 135 (21 S. E. 2d, 64). If the description is unambiguous, extrinsic evidence can not be resorted to except for the purpose of reforming the deed so as to make it express the real intention of the parties and correct a mutual mistake of fact. *Hall* v. *Davis,* 122 *Ga.* 252 (50 S. E. 106); *Bell* v. *Redd,* 133 *Ga.* 5, 8 (3) (65 S. E. 90); *Harris* v. *Brandon,* 135 *Ga.* 131 (68 S. E. 1040); *Thompson* v. *Hill,* 137 *Ga.* 308 (3) (73 S. E. 640); *Gabbett* v. *Hinman,* 137 *Ga.* 143, 146 (72 S. E. 924). See also the Code, §§ 37-206, 37-207.

Is the language here involved, the "Alabama and Cave Spring public road," ambiguous or unambiguous? Where a road is referred to in a conveyance as a boundary, the road as open and actually used as a public road at the time of the conveyance, rather than as it formerly existed, is to be taken as the boundary intended by the parties, unless, of course, a contrary intention is manifested by the instrument, to determine which all of the language of the deed may be looked to. See *Johnston* v. *Palmetto,* 139 *Ga.* 556 (2) (77 S. E. 807); 11 C. J. S. 587, § 35 (4); 6 Thompson on Real Property (Perm. ed.), 627, § 3414, citing decisions from many States, including the Georgia case, supra. The application of this rule treats the description as in law unambiguous, and thus excludes any showing as to what the parties may have intended as the boundary, since such evidence will never be allowed to control the legal effect of a deed. *Thompson* v. *Hill,* supra; 6 Thompson on Real Property (Perm. ed.), 454, § 3280. The sole remedy, therefore, is reformation. As was said in *Shahan* v. *Watkins,* 194 *Ga.* 164, 166 (21 S. E. 2d, 58), where it was sought to show that, although a deed conveyed an entire lot, the intention was to except a portion thereof: "It is urged that these deeds [previous deeds relating to the lot] show that it was the intention of the defendant's father to except from lot 168 the three-acre tract here involved. While such might have been the intention of the parties, this intention could not be carried into effect by merely describing the lot as containing 157 acres, more or less, instead of

160 acres, more or less, as it had been described in previous deeds. As written the deed purported to convey the entire lot. If the deed did not express the intention of the parties, reformation should have been sought." It was further said in the *Shahan* case, quoting from *Compton* v. *Cassada, 32 Ga.* 428: "Titles to land can not be created by mere verbal declarations of this character without overturning the statute of frauds;" and it was also said, "The deed to the petitioner's father having conveyed to him the entire lot, he could not effectually limit the description of the deed by mere oral admissions."

The evidence compels the view that the old road had been abandoned in 1928, and that a new paved highway on the south thereof had become the only Alabama and Cave Spring public road actually in use by the public at the time of the execution of the deed to the petitioner in 1938. This being true, it necessarily follows from the authorities above discussed that the description here involved is in law unambiguous, and means that the new paved highway, and not the old road, must be taken as the northern boundary of the lands conveyed. The record is silent as to any mutual mistake of the parties as to the boundary expressed in the petitioner's deed and hence there was no basis for reformation of the instrument. Reformation being a prerequisite to the relief sought, the verdict in favor of the petitioner was unauthorized.

■ Special ground 4 complains that the court erred in charging the jury as follows: "You, the jury, are the exclusive judges of the evidence and the weight of the evidence. It is a question for the jury to say who they will believe and what they will believe, and it is a matter with which the court has nothing whatsoever to do, and in that connection I charge you that, if the court should inadvertently express any opinion as to what has or has not been proven, you will disregard that altogether," it being contended that thereby the court erroneously instructed the jury that they could arbitrarily reject any and all evidence without any reason for so doing. The court fully charged the jury as to the preponderance-of-evidence rule and the credibility of the witnesses and as to their treatment of any conflict in the evidence, immediately in connection with the portion objected to. No error is shown. *Quinton* v. *Peck,* 195 *Ga.* 299 (4) (24 S. E. 2d, 36). Special ground 5 involves substantially the same objection and is controlled adversely

to the movant by the above ruling. No rulings are made on the other special grounds of the motion for new trial, since the rulings in division 1 of this opinion fix and determine the issues in the case, and it is unlikely that the questions involved in such special grounds will be raised upon another trial.

■ To that part of the answer of Mrs. Maud Welch, as administratrix of the estate of E. R. Minhinnette, deceased, seeking to recover $1000 as the consideration of the deed executed to the petitioner on August 19, 1938, by the intestate and alleged not to have been paid by the petitioner, who was alleged to be a resident of the State of New York, the petitioner demurred on the ground that the debt was barred by the statute of limitation of four years. Error is assigned on the judgment sustaining the demurrer, it being contended that as the petitioner was a resident of the State of New York the statute did not run. The claim here involved was barred after four years from August 19, 1938. Code, § 3-711. The statute upon which the administratrix evidently relies, § 3-805, providing that, "If the defendant, in any of the cases herein named, shall remove from this State, the time of his absence from the State, and until he returns to reside, shall not be counted or estimated in his favor," has no application here. The basis for the saving provision is, of course, inability to bring suit in this State because of the temporary absence of the debtor. To come within the words of the statute, the defendant must have been a citizen of this State at the time of the accrual of the debt and subsequently have removed from the State. See *Pare* v. *Mahone, 32 Ga.* 253, 255. Construing the allegations most strongly against the pleader, the petitioner was a nonresident, and no case of removal from the State of a debtor after incurring an obligation is presented. The statute as to tolling the limitation is not applicable, and the court did not err in sustaining the petitioner's demurrer. The answer of Mrs. Welch, seeking to recover $1000 as the purchase-price of the land deeded by her intestate to the petitioner, does not attach a copy of the deed or set forth the substance of any of its provisions; and cases like *Stansell* v. *Corley,* 81 *Ga.* 453 (2) (8 S. E. 868), *Kytle* v. *Kytle,* 128 *Ga.* 387 (3) (57 S. E. 748), *Whittle* v. *Nottingham,* 164 *Ga.* 155 (4) (138 S. E. 62), *Persons* v. *Dallas,* 178 *Ga.* 778 (174 S. E. 699), and *Brice* v. *National Bondholders Corp.,* 187 *Ga.* 511 (2) (1 S. E. 2d, 426), hold-

ing that in the circumstances there dealt with suit might be brought within 20 years on a contract under seal, can not be applied here in passing upon the sufficiency of the allegations against demurrer.

The assignment of error on the judgment overruling the written motion of Mrs. Maud Welch, as administratrix, to be dismissed as a party defendant is obviously without merit, since, in order to obtain a reformation of the deed executed to the petitioner, the administratrix of the estate of the grantor was a necessary party defendant.

*Judgment reversed. All the Justices concur, except Bell, C. J., and Grice, J., who dissent.*