ATWOOD *et al.*, executors, *vs.* GEIGER.

1. A testatrix made a will, whereby she bequeathed her property to be equally divided between her sons and daughters who should be living at the time of the division (which was to be made when her youngest child should become of age), without any right of representation by their children of a son or daughter who might be deceased at the time of such division. Subsequently, the testatrix executed a codicil, in which she stated that she desired to alter and change certain bequests contained in the will, and did so in the following language : " I hereby alter and change all those items, sections and parts of my will, whereby property therein mentioned is bequeathed to my sons (naming them), and to my daughters (naming them), and to my granddaughter (naming her), so that my said sons (naming them), and my said daughters (naming them), and my granddaughter (naming her), shall each have and enjoy a life interest in the property mentioned in my last will, as bequeathed to each of them, with remainder over after the death of each one of them, to the children of their bodies in fee simple," etc.:

*Held*, that, construing the will and codicil together, the granddaughter took an equal share with the sons and daughters of the testatrix.

(*a.*) The intention of the testatrix is the cardinal rule in construing her will and codicil, and though no bequest be made in the will to the granddaughter, yet, where it appears from the codicil that it was the intention of the testatrix to include the granddaughter equally with the children in the will, and it is recited in the codicil that a certain bequest was made to the sons and daughters and the granddaughter of the testatrix, the will and codicil will be so con-

strued as to give effect to the evident intention of the testatrix, and the granddaughter will be held to share equally with the sons and daughters.

2. Where there is no ambiguity in a will in relation to the testator's intention, it is not competent to raise one by parol and then explain it by the same species of evidence.

January 23, 1883.

Wills. Evidence. Before Judge TOMPKINS. McIntosh County. At Chambers. June 3, 1882.

Reported in the decision.

H. A. DUNWOODY; LESTER & RAVENEL, for plaintiffs in error.

A. C. KING; W. LE S. GIGNILLIAT, for defendant.

CRAWFORD, Justice.

Mrs. Atwood's will, executed July 2d, 1867, contains the following clauses :

" Item 2d. With the exceptions, qualifications and conditions hereinafter stated, I give, devise and bequeath all my property, both real and personal, to be equally divided between my sons and daughters who may be living at the division of the same, and to them only, not intending hereby that there shall be any representation of a son or daughter, who may be deceased at the time of said division, by any child or children the offspring of said son or daughter, deceased.

Item 3d. I wish my property to be divided when my youngest child shall come of age. In the meantime, I direct that my executors shall hold the same for the support, maintenance and education of my youngest children, and also for the support and maintenance of my daughter, Matilda A. Atwood, so long as she remains unmarried, unless she should defer marriage until after the period hereinbefore fixed for the distribution of my estate."

In a codicil, executed March 27th, 1873, she uses the following language:

"WHEREAS, I * * * did, about the month of June, 1867, publish my last will; * * * and whereas I am desirous of altering

and changing certain bequests therein contained, I therefore make this my codicil to my last will.   In the first place, my daughter, Matilda A. Atwood, who afterwards married Charles Hopkins, Jr., having departed this life, leaving no child of her body, I hereby bequeath all the property mentioned in my last will and testament, as bequeathed to my said daughter, to be divided share and share alike among the surviving beneficiaries of my last will and testament.

*Secondly.* I hereby alter and change all those items, sections and parts of my will, whereby property therein mentioned is bequeathed to my sons, William H. Atwood, James A. Atwood, Jno. M. Atwood and George E. Atwood, and to my daughters, Ruth A. Dunwoody and Jane M. Camp, and to my granddaughter, Ann Margaret Geiger, so that my said sons, William H. Atwood, James A. Atwood, John M. Atwood and George E. Atwood, and my said daughters, Ruth A. Dunwoody, Jane M. Camp, and my granddaughter, Ann Margaret Geiger, shall each have and enjoy only a life interest in the property mentioned in my last will as bequeathed to each of them, with remainder over, after the death of each one of them, to the children of their bodies in fee simple, but should any one or more than one of my said legatees die, leaving no living children, then remainder over after the death of such a one, or more than one, without issue, in fee simple, to the surviving beneficiaries of my said last will and testament to be divided, share and share alike among them."

The only additional facts necessary to be stated are, that complainant's mother, who was a daughter of testatrix, died before the making of the will, leaving complainant her only surviving child ; that the youngest son of the testatrix has arrived at age, and that both will and codicil have been probated and admitted to record.

The questions to be settled are the rights of Ann M. Geiger, the complainant, under the will and codicil of her grandmother, and the admissibility of parol evidence to explain the object and intent of the testatrix in reference to the change made in the will by the codicil, because of the alleged ambiguity.

1. To determine what the complainant took under the will as probated, it is only necessary to ascertain what the testatrix intended for her to have ; if anything, then she is entitled to inherit exactly that which it was the intention of the testatrix to bequeath to her, and it is imma-

teriai whether it is found in the will or the codicil, so it be in either.

By the original will she bequeathed all her property to such of her sons and daughters as might be living at the time of her death, absolutely and in fee simple, excluding entirely from all inheritance the representatatives of de-ceased children. By the codicil she changed the scheme of the will, both as to the legatees and legacies. She included her grandchildren, who had been excluded from any legacy, and limited the legacies of the children from an absolute fee to a life estate in each, with remainder over in fee to her grandchildren. In making this altera-tion of her original will, she says, "I hereby alter and change all those items, sections and parts of my said last will and testament, whereby the property therein men-tioned is bequeathed to my sons, \* \* \* \* and to my daughters, \* \* and to my grand-daughter, Ann Mar-garet Geiger, so that my said sons, \* \* \* \* and my said daughters, \* \* and my said granddaughter, Ann Margaret, shall each have and enjoy only a life interest in the property mentioned in my said last will and testament as bequeathed to each of them," etc.

The legal meaning of which language, when read in the light of the authorities, is, that—whereas, by my last will I bequeathed all my property to my sons and daughters and my granddaughter, Ann Margaret Geiger, absolutely; and whereas, I am now dissatisfied with that disposition of it, I hereby alter and change that bequest, and give only a life estate in my property to my sons and daughters and granddaughter, Ann Margaret Geiger, with remainder over to the children of their bodies.

It is undoubtedly true that the words of the codicil show that the testatrix believed that she had given the. complainant an equal proportion of her property, and that it was so expressed in her will. If, then, she so thought, and used words in the codicil to show that it was still her intention for the complainant to have it, though in a

modified form, it is the duty of the courts to give effect to that intention by sustaining this *last* "legal expression of her wishes as to the disposition of her property after her death."

The construction which we here give to the will and codicil of the deceased, is but the concurrence of this court with a long line of decisions, to be found both in the English and American authorities.

"A devise of lands '*which he has before given to A.,*' over to B. on a given event, is a devise by implication to A." This though no devise had been made to A.

Decided June 30, 1768. Ambler's Reports, 661.

By a codicil a testator gave to A B. "£500 in addition to £1500 which he had before bequeathed to him." The testator had previously bequeathed two legacies only of £500 each. Held, that by implication the legatee was entitled to £2,000. 10 Beavan's Rep., 259.

"A testator made a will and two codicils, by none of which he gave anything to St. Catherine's College, and many years afterwards he made another codicil, describing it as a codicil to his last will; and thereby, after reciting that by his said will he had bequeathed £1,000 to St. Catherine's College, he confirmed the said bequest, and he gave to the college (in addition to the bequest of £1,000) a sum of £5,000.

"*Held*, that under the codicil St. Catherine's College was entitled to a legacy of £6,000 in the whole." Law Rep., 16 Eq. Cases, 24.

"Where a testator in one part of his will has recited that he had given a legacy to a certain person, but it has not appeared that any such legacy was given, the court has taken the recital as conclusive evidence of an intention to give by the will, and fastening upon it, has given the erroneous recital the effect of an actual gift. 23 Eng., Ch. Rep., 538. See also Law Rep., 2 Eq. Cas., 333; *Id.*, 9, 376; 1 Edw. Ch. Rep. 174.

2. The only remaining question made by the record is

as to the admissibility of the testimony offered by the defendants, to show that the second clause in the codicil did not contain the real desire nor express the intention of the testatrix in reference to the inheritance of any part of her estate by the complainant.

We concur with the judge below in holding that there is no ambiguity on the face of the will or codicil, either latent or patent, which will authorize the admission of parol evidence to explain it. In the language of Warner, C. J., in the case of *Hill vs. Felton*, 47 *Ga.*, 470, we say, " It is not competent to raise an ambiguity in relation to the testator's intention, by parol evidence, extrinsic of the words of the will, and then proceed to explain that ambiguity, so raised, by the same species of evidence." To have allowed the statement of Mr. Dunwoody would have had that effect.

Judgment affirmed.