## RIGGINS v. ADAIR & McCARTY BROTHERS.

Where, in 1857, one conveys land to another as trustee, with power to have and to hold the property and its increase for the sole and separate use of the grantor's daughter "during natural life, free from all and every liability of her husband only as contracted on account of the maintenance, support and comfort of the said" daughter and her children, and at her death then the property is to be equally divided among her children, or, in the event she, "who has only a life-estate in said property, shall die without a lawful child or children living, the [trustee named] is to have and to hold said property and its increase, to be divided equally among the heirs at law of the [grantor]": *Held*, That the trust is executory, at least during the lifetime of the daughter, and did not become executed by virtue of the "married woman's act" of 1866; and that the property is liable for debts created by the trustee for the benefit of the trust estate.

Argued October 17, — Decided November 17, 1898.

Levy and claim. Before Judge Beck. Pike superior court. April term, 1898.

Upon a promissory note signed by A. D. Riggins as trustee for Mrs. M. S. Riggins and dated in 1894, the payees brought suit against him as such trustee, alleging that the note was given for fertilizers to be used and which were used upon certain land controlled by him as such trustee, and that the trust estate was benefited thereby and was liable for the payment of the debt;

and they prayed for a special judgment against the land. No defense was filed, and the court rendered judgment in favor of the plaintiffs for the amount sued for, to be made out of the land of the trust estate as described in the petition; and execution issued accordingly. To the levy of the execution a claim was interposed by Mrs. M. S. Riggins. On the trial of the claim case the plaintiffs in execution introduced in evidence, in addition to the record of the suit above mentioned, a deed dated April 13, 1857, the material portions of which are hereinafter set out, whereby a trust in certain land, negroes, etc., was created for the benefit of the claimant, then Mary Susan Neal, the land described including the land in dispute, and the trustee named in the deed being John Neal; also her petition to the judge of the superior court, filed December 13, 1870, showing that in 1869, in a suit by her against the maker of the deed and against John Neal, the trustee, touching the subject-matter of the trust, a consent decree was rendered whereby Milton Riggins was substituted as trustee in lieu of John Neal, and that Milton Riggins afterwards died; and praying for the appointment of her husband, A. D. Riggins, as successor in the trust; which petition was followed by an order of the judge granting the same; also a bond given by A. D. Riggins as trustee, in pursuance of the order. The following facts were submitted in evidence by agreement of counsel: A. D. Riggins was in possession and control, as trustee, of the land described in the levy, when the levy was made, and has been since his appointment as such trustee. The marriage of Mary Susan Neal to A. D. Riggins took place in 1867. At the date of the execution of the trust deed no children of Mary Susan Neal were in life, her first child being born in 1868.

The claimant contended that no children of Mary Susan Neal being in life at the date of the trust deed, the trust was created for her sole use and benefit, and that upon the passage of the act of 1866, known as the "married woman's act," the trust became executed and title vested absolutely in her.

The court, to whom the case was submitted without the intervention of a jury, adjudged that the property was subject to the execution; and to this judgment the claimant excepted.

The deed above referred to recited that it was made in con-sideration of the love and affection the maker (James Neal) bore to Mary Susan Neal as his adopted child, as well as five dollars in hand paid, and conveyed to John Neal "in trust, upon consideration and for the use hereinafter set forth," the prop-erty described, " as trustee for said Mary Susan, on the condi-tion and subject to the limitations and provisions following: First, the said James Neal is to have the sole use and control of all said property and the proceeds of the same to be appro-priated and disposed of as he may choose to do during his life. Second, upon the death of said James it shall be the privilege of Rebecca Neal, the wife of said James Neal, to remain in the occupancy of said lands, jointly with said Mary Susan, and work her negroes together with the negroes of said Mary Susan on the said lands, and after all expenses, including the expenses of said Rebecca and said Mary Susan, shall be paid, the net pro-ceeds shall be annually divided, the said Rebecca to have one-third and Mary Susan two thirds of said proceeds, and this priv-ilege to continue during the widowhood of said Rebecca. Third, the said John Neal to have and to hold all said property and its increase, not only for the uses aforesaid and in the way aforesaid, but also for the sole and separate use of said Mary Susan during natural life, free from all and every liability of her husband only as contracted on account of the maintenance, support and comfort of the said Mary Susan and her children, and at the death of said Mary Susan then to be equally divided among her children. Fourth, if the said Mary Susan, who has only a life-estate in said property, shall die without a lawful child or children living, the said John Neal is to have and to hold said property and its increase, to be divided equally among the heirs at law of the said James Neal." Title is warranted "unto the said and his successors in office as trustee."

*J. S. Pope* and *A. B. Pope,* for plaintiff in error.
*E. F. Dupree,* contra.

SIMMONS, C. J. In the present case it is necessary to deter-mine whether there was, at the time the judgment of the plain-tiffs below was obtained, an existing executory trust. If so, the

property of the trust estate was bound by the judgment against it on the suit by persons who had furnished fertilizers for the use of the trust estate. Section 3202 of the Civil Code recognizes the liability of a trust estate "for articles or property or money furnished for the use of said estate," and the judgment above mentioned was obtained in accordance with that and the following section, the declaration containing allegations showing that the debt sued upon was binding upon the estate. If the trust was executory, the trust estate and the cestuis que trust were, therefore, bound by the judgment. *Clark* v. *Flannery & Co.,* 99 *Ga.* 239.

Counsel for plaintiff in error contends that "there were no children of Mary Susan Neal [the daughter of the grantor] in life at the time of the execution of said trust deed, and children born subsequently to that time took no interest thereunder; hence the trust created by said deed was created for the sole use and benefit of Mary Susan Neal;" and cites the cases of *Lofton* v. *Murchison,* 80 *Ga.* 391, and *Baird* v. *Brookin,* 86 *Ga.* 709. He then argues that the trust was executed by the "married woman's act" of 1866. This we think is not true. The rules of construction resorted to in cases where a deed does not show whether a grantor intended to convey a life-estate with remainder or to create an estate in common, or where a conveyance is to a person or persons and their children, without stating whether unborn children are included, are not to be invoked where the intention of the grantor may be determined from words and expressions in the deed itself. In the deed now under consideration the property was conveyed to the trustee for the sole use and benefit of the daughter "during natural life," and at her death "then" to be divided equally among her children. If this daughter, "who has only a life-estate in said property," died " without a lawful child or children living," the trustee was to hold the property and its increase to be divided equally among the heirs at law of the grantor. The cases cited by counsel and also the cases there referred to, among others the case of *Wiley, Parish & Co.* v. *Smith,* 3 *Ga.* 551, were based upon the rule in Wild's case, 6 Coke R. 16 *b.* That rule applies where the conveyance is to a person *and his children or issues,*

he having at the time no issue.    In each one of the cases above mentioned, the devise or conveyance was so made, showing no intention that the children should take as remaindermen, the gift being immediate.    Here, however, the estate of the daughter is expressly limited to a life-estate, and at her death the property is to be divided among her children or among the heirs at law of the grantor.    The property is given for the sole and separate use of the daughter during natural life, and until after her death the children can take no interest under the deed. The estate is to the daughter "free from all and every liability of her husband only as contracted on account of the maintenance, support and comfort of the [daughter] and her children," but this gives the children no interest at all.    Whatever interest they may get under the deed is postponed until after the death of their mother.    The cases cited have therefore no application to the present case.    From the language of the instrument itself it seems to us clear that the daughter was to receive only a life-estate, with remainder over to her children, if any survived her; while if, at the time of her death and the consequent termination of the life-estate, she left no surviving children, then the property was to be divided equally among the heirs of the grantor.    The trust was therefore not executed by the act of 1866, for "something remain[ed] to be done by the trustee, either to secure the property, to ascertain the objects of the trust, or to distribute according to a specified mode," and the trust was still executory.    Civil Code, §3156.

The facts of this case differ materially from those of the case of *Carswell* v. *Lovett,* 80 *Ga.* 36.    In the latter case the trustee held the property for the use of the beneficiary to protect it against the debts of her husband, the husband had died, and at the death of the beneficiary the property was to be divided among her children and their representatives, the remainders being thus vested.    In the present case the property was to be divided equally among the children of the life-tenant, if any survived her; if not, the trustee was to hold it and its increase to be divided equally among the heirs of the grantor, the remaindermen being uncertain and the remainders contingent.    The facts of this case are more nearly like those in *Cushman* v. *Coleman,*

92 *Ga.* 772, where it was held that where the "fee is carved up into an estate for life in favor of one beneficiary and a remainder in behalf of other beneficiaries, who are uncertain and unascertained, . . the title as to the remainder should be considered as abiding in him [the trustee] so long, at least, as the identical persons who are to take and enjoy it are not ascertainable. Up to that time, the trust is executory, and the remainder is an equitable, not a legal, estate. . . That a trust in remainder will become executed on the happening of a certain event, such as the death of a tenant for life, does not involve, as a presupposition, that the trustee has no title to the remainder, but the contrary; for the passing of the legal title out of the trustee into the beneficiaries is what executes and terminates the trust." In the present case it is impossible, before the death of the life-tenant, to ascertain who will be the remaindermen. They may be the children of Mrs. Riggins, surviving her, or they may be the heirs at law of the grantor; and in either event it would seem, under the deed, that the trustee is "to have and to hold" the property to be equally divided. So long as the life-tenant survives, the trustee has still to hold and secure the property and its increase, to ascertain the objects of the trust, and to distribute it according to the mode provided in the deed. While these things are to be done, the trust is not executed. *Cabot* v. *Armstrong*, 100 *Ga.* 438.

The trust being executory and the judgment valid and binding upon the trust estate, the trial judge rightly held, upon the trial of the claim case before him without the intervention of a jury, that the property was subject to the execution issued from that judgment. *Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*