FEDERAL RESERVE BANK OF ATLANTA *v.* SPEARMAN.

No. 9101.   JANUARY 13, 1933.

*Orrin Roberts,* for plaintiff in error.   *J. M. Roberts,* contra.

HILL, J.   R. E. Spearman Jr. brought a petition against the Federal Reserve Bank of Atlanta and D. G. Abercrombie, for injunction to restrain the bank from selling, under foreclosure proceedings, the shares of Hugh M. Abercrombie and D. G. Abercrombie in the estate of the plaintiff's great-grandfather, David A. Gibbs, and to obtain construction of the will of David A. Gibbs. The case, on an agreed statement of facts, was submitted to the judge without a jury.   From the agreed statement it appears that David Gibbs died in 1901, leaving a will, and leaving surviving him a widow and four daughters. The portion of his will material to this case is as follows:   "for the benefit of my said wife and four daughters [naming them], share and share alike, for and during their natural lives, respectively, and in trust for their sole and separate use, free from the control or debt of any husband, and at the death of said beneficiaries, respectively, to be equally divided among their children, respectively, per stirpes.   In case any of my daughters should die leaving no children or grandchildren surviving her, I direct that her share of my estate revert to the other legatees herein named, if all are living at the time; if not, to those living or to the children or grandchildren of such as may be dead, taking per stirpes."   The wife of the testator died many years ago; and the interests of Mrs. Margaret Gibbs Abercrombie, one of the daughters of testator, under the will, and her children, are the only shares involved in this case.   Mrs. Abercrombie, who died in 1931, had three children, Hugh M. Abercrombie, D. G. Abercrombie, and Mrs. R. E. Spearman.   Hugh M. Abercrombie died with-

out issue in 1923, and Mrs. Spearman died in 1905, leaving one child, R. E. Spearman Jr., who is one of the defendants in error. During his lifetime Hugh M. Abercrombie executed to the Walton County Bank a mortgage deed to his share in his grandfather's estate, to secure a loan of $3500. D. G. Abercrombie executed a similar deed to his interest, to secure a debt of $5000. Both of these deeds were transferred to the Federal Reserve Bank of Atlanta, and were foreclosed in equity, the judgments being of record in Walton County.

The controlling question in this case is, what interest, if any, Hugh M. Abercrombie had in the estate of his grandfather at the time he executed the mortgage deed to the Walton County Bank? The law favors the vesting of remainders at the earliest possible moment. Civil Code (1910), § 3680, and annotations. In the view we take of the case, the children of Margaret Gibbs Abercrombie took a vested-remainder interest in the property upon the death of the testator, subject to be divested upon Margaret Gibbs Abercrombie dying without children or grandchildren. But it appears from the record that Mrs. Abercrombie died leaving a child and a grandchild. Therefore, under the will, Hugh M. Abercrombie took a vested remainder in the estate of his grandfather, with possession postponed until the death of his mother, the life-tenant. Margaret Gibbs Abercrombie died leaving a child and a grandchild, and the title to the interest of Hugh M. Abercrombie having vested in him, the mortgage deed executed by him was good as to his undivided remainder interest in the estate of the testator. The court erred in holding that Hugh M. Abercrombie had no interest which he could convey. The judgment, in the division of the estate as embodied in the decree, is in violation of the principles here announced, for in the judgment it is decreed that R. E. Spearman Jr. is entitled to one half, and D. G. Abercrombie is entitled to one half of the estate of their deceased mother, whereas it is apparent from what we have ruled, that, Hugh M. Abercrombie having a vested remainder in his mother's estate, the estate as a whole should be divided into three parts instead of two parts. Accordingly the decree should be reversed in its entirety. The court apparently proceeded upon the theory that by reason of the fact that Hugh M. Abercrombie predeceased his mother his share in the estate of his grandfather devolved upon D. G. Abercrombie and R. E. Spearman

Jr.; whereas, as a matter of law and in conformity to what we have ruled in this case, the interest of Hugh M. Abercrombie was not divested, for the reason that Mrs. Abercrombie died leaving at least one child in life at the time of her death, to wit, D. G. Abercrombie. For that reason the condition upon which depended the result of a divestiture was not fulfilled, and the interest of neither Hugh M. Abercrombie nor D. G. Abercrombie was in fact divested. It follows that the court erred in holding that either R. E. Spearman Jr. or D. G. Abercrombie inherited the interest of Hugh M. Abercrombie.

*Judgment reversed. All the Justices concur, except*

RUSSELL, C. J., dissenting. The grandchildren of the testator took, under the terms of the will, a contingent-remainder interest in the estate, the contingency being upon the grandchildren surviving their mother; and therefore the son who predeceased his mother had no such vested interest in the estate as he could convey by mortgage deed. Civil Code (1910), § 3676; *Lane* v. *Patterson,* 138 *Ga.* 710 (76 S. E. 47).