EDWARDS, executor, *v.* SOSEBEE *et al.*

ATKINSON, Presiding Justice. A suit upon a promissory note was instituted by an executor, returnable to the April term, 1936. The defendants filed an answer in the nature of a cross-action, seeking affirmative equitable relief. At a subsequent term the attorneys for the plaintiff announced the death of the executor, and the case was postponed. At a later date during the same term the case proceeded to trial without substitution of a party plaintiff. After introduction of evidence solely by defendants, a verdict granting to the defendants certain affirmative equitable relief was directed, and a decree was entered. On the day the verdict was rendered and during the same term, the death of the executor was formally suggested of record, and on motion, after notice to the defendants, a successor executor appointed according to provisions of the will was made party plaintiff. There was no exception to the order making him a party, and no motion by the defendants to vacate the order. During the term at which he was made party the successor executor made a motion for a new trial, which was overruled, and he excepted. *Held:*

1. Whether or not the order making the successor executor a party was erroneous, as the defendants did not except to the order or move to vacate it, the writ of error on the bill of exceptions sued out by the successor executor will not be dismissed on the ground that there was no proper plaintiff in error. *Stanaland* v. *Horne*, 165 *Ga.* 685 (142 S. E. 142). The executor having died before trial, Code § 3-408, relative to making parties where death occurs pending or after trial, within time for making appeal, is not applicable to the case.

2. As the plaintiff was dead and the verdict for the defendants was rendered while there was no plaintiff, the verdict was void, and should have been set aside on the plaintiff's motion, as contrary to law. *Irwin* v. *Shuford*, 144 *Ga.* 532 (87 S. E. 674), and cit. See also *Ellard* v. *Coleman*, 145 *Ga.* 18 (88 S. E. 554); *Bailey* v. *Wilhite*, 169 *Ga.* 794 (151 S. E. 498); *Fox* v. *Lofton*, 185 *Ga.* 456 (5) (195 S. E. 773). The judge erred in overruling the motion for a new trial.

*Judgment reversed. All the Justices concur.*

No. 12797. SEPTEMBER 13, 1939.

*C. H. Edwards* and *H. E. Edwards,* for plaintiff.
*Robert McMillan Jr.,* for defendants.