STRINGFELLOW *v.* HARMAN *et al.*

No. 17096. JUNE 14, 1950.

*C. Baxter Jones Jr.*, and *Jones, Jones & Sparks*, for plaintiff in error.

*Crenshaw, Hansell, Ware & Brandon*, contra.

WYATT, Justice. "In the construction of all legacies, the court shall seek diligently for the intention of the testator and give effect to the same as far as it may be consistent with the rules of law . . " Code, § 113-806. "Every will is a thing to itself. It is emphatically not only *sui juris* but *sui generis*. Its terms are its own law, and the application of that law by construction of itself—of the statute which the testator himself enacted, to the contestants for its bounty, is the plain duty of the court." *Olmstead* v. *Dunn*, 72 *Ga.* 850. "Precedents, or adjudged cases, are of but little authority, and of dangerous application, in deciding upon the intention of a testator." *Cook* v. *Weaver*, 12 *Ga.* 47.

The general scheme which the testator in the instant case has attempted to set up is clear. First, he was interested in pro-

viding for his wife during her life. Then he sought two ends. The first was to keep the property in his lineal descendants, and the second, to benefit each branch of his family equally. In order to effect these ends, the testator set up a trust, which provided that the income from such trust should be paid to his wife for her life, and at her death the income should go to his children during their respective lives; provided, however, if a child should die leaving a child or children, such child or children were to receive the share of the income which the deceased parent would have received, and if a child should die without children surviving, the share he would have received should go to the other children in equal shares.

The testator then provided for the disposition of the corpus: "After the death of my children, the corpus of said estate shall become the property, in fee simple, of my grandchildren, and be divided among the children of my children per stirpes, in as many shares as there are children of mine who leave children." In construing this provision of the will in connection with the general scheme of the testator's will and the provisions relating to the disposition of the income from the estate, the conclusion is inescapable that it was the intention of the testator that the corpus of the estate should be held together until the death of his wife and all his children, at which time the estate was to be distributed per stirpes to his grandchildren whose parents died with children surviving.

Under the above construction the question is presented: What is the interest of Horace Stringfellow III, in view of the events as they occurred and under the law of this State? In order to answer this question, it is necessary to follow through each significant event and determine the nature of the interest of Horace Stringfellow III after each.

When the testator died, with Horace Stringfellow III in life, the plaintiff in error took at that time an interest vested in title, subject to open and let in afterborn brothers and sisters, and subject to be entirely defeated by the death of his mother without children surviving. See *Sanders* v. *First National Bank of Atlanta*, 189 *Ga.* 450 (6 S. E. 2d, 294) ; *Federal Reserve Bank of Atlanta* v. *Spearman*, 176 *Ga.* 236 (167 S. E. 603) ; *Gilmore* v.

*Gilmore,* 197 *Ga.* 303 (29 S. E. 2d, 74); *Sumpter* v. *Carter,* 115 *Ga.* 893 (42 S. E. 324).

The next significant event which occurred was the death of Horace Stringfellow's mother. With this event, the only two contingencies which could affect Horace Stringfellow's interest, that is, the birth of brothers or sisters, which would reduce the quantum of his interest, or the death of his mother without children surviving, which would defeat his interest entirely, were no longer possible of occurrence, and his interest became indefeasibly vested in title, with the right of possession postponed until the determination of the outstanding life estate. Thereafter, the preceding life estate was determined by the death of the testator's wife, and the interest of Horace Stringfellow became vested indefeasibly in possession as well as in title, and, without more, he would then have become entitled to receive a one-third share of the corpus of the estate. *Sumpter* v. *Carter,* supra; *Wright* v. *Hill,* 140 *Ga.* 554 (79 S. E. 546); *Crawley* v. *Kendrick,* 122 *Ga.* 183 (50 S. E. 41). However, under the construction above placed on the will of Harry E. Harman, it was held that he intended for the trust to continue until his wife and all of his children had died. Two children are still in life. It is contended, however, that this provision of the will, as applied to the interest of this plaintiff in error, is an attempt to create a trust for a person sui juris, and under the law of this State, is illegal and void, and as to Horace Stringfellow III the trust is executed, and he is now entitled to receive one-third of the corpus.

"Trust estates may be created for the benefit of any minor or person non compos mentis . . for any person of full age, whenever in fact such person is . . unfit to be intrusted with the right and management of property. . . If at any time the grounds of such trust shall cease, then the beneficiary shall be possessed legally and fully of the same estate as was held in trust . ." Code, § 108-114. In the instant case, no question is presented that the plaintiff in error is within any of the classes enumerated in the above Code section.

The grounds for the trust in the instant case are three: first, to hold the property together and manage it during the intervening life estates; secondly, to hold the property together and

manage it pending the determination of the ultimate remaindermen; and thirdly, to hold the property together and manage it during the minorities of such remaindermen. These are the only valid grounds for preserving the trust in the instant case. As will be seen from the preceding discussion, none of these grounds is now applicable to the interest of Horace Stringfellow III. "Under the laws of this State such a passive trust can not be maintained for a person of full age and capable of taking and managing property in his own right but, as to him, it becomes executed. The intention of the testator is to be given due weight, but it is not to be regarded as a fetich, superior to the law. Accordingly, under the allegations of the petition, each of the plaintiffs who is of age is entitled to have his or her share of the property devised in the sixth item of the will delivered to him or her, and each of the minor plaintiffs will be entitled to have his or her share delivered to him or her upon becoming of age." *Wright* v. *Hill*, 140 *Ga*. 554, 567 (supra). See also *Thompson* v. *Sanders*, 118 *Ga*. 928 (45 S. E. 715); *Sanders* v. *First National Bank of Atlanta*, 189 *Ga*. 450 (supra). "In an executed trust for the benefit of a person capable of taking and managing property in his own right, the legal title is merged immediately into the equitable interest, and the perfect title vests in the beneficiary according to the terms and limitations of the trust." Code, § 108-112.

Accordingly, under the facts in this case, we hold that the attempt to continue in trust the interest of Horace Stringfellow III is illegal and void, and under the law of this State the trust is executed as to him, and he is entitled to receive one-third of the corpus of the estate and the income therefrom. It follows, the order of the court below that is complained of is error.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., who dissents.*