## LOVE *v.* McMANUS *et al.*

448

No. 17598. Argued September 12, 1951—Decided October 10, 1951.

*Hewlett, Dennis, Bowden & Barton,* for plaintiff in error.

*Moise, Post & Gardner, Gambrell, Harlan & Barwick, James C. Hill, W. D. Thomson,* and *M. Cook Barwick,* contra.

HAWKINS, Justice.   (After stating the foregoing facts.)   While the intention of a testator cannot be given effect if contrary to express enactments of the legislature or positive rules of property (*Wright* v. *Hill,* 140 *Ga.* 554, 79 S. E. 546; *Lester* v. *Stephens,* 113 *Ga.* 495, 499, 39 S. E. 109; *Hertz* v. *Abrahams,* 110 *Ga.* 707, 36 S. E. 409; *Thompson* v. *Sanders,* 118 *Ga.* 928, 930, 45 S. E. 715; *Stringfellow* v. *Harmon,* 207 *Ga.* 62, 60 S. E. 2d, 139)—in the construction of a will the cardinal rule is that the intention of the testator should be the first and great object of inquiry, and this is to be sought for by looking to the whole will, and not to detached parts of it, and when so ascertained, shall be given effect as far as may be consistent with the rules of law.   Code, § 113-806; *Cook* v. *Weaver,* 12 *Ga.* 47; *Atwood* v. *Geiger,* 69 *Ga.* 498; *Rogers* v. *Highnote,* 126 *Ga.* 740 (56 S. E. 93); *Watts* v. *Finley,* 187 *Ga.* 629 (1 S. E. 2d, 723); *Buchanan* v. *Nicholson,* 192 *Ga.* 754 (16 S. E. 2d, 743); *Sproull* v. *Graves,* 194 *Ga.* 66 (20 S. E. 2d, 613); *Yerbey* v. *Chandler,* 194 *Ga.* 263 (21 S. E. 2d, 636); *Mills* v. *Tyus,* 195 *Ga.* 119 (23 S. E. 2d, 259).   Under the foregoing rules, items 17 and 18 of the will under consideration must be construed together, and in connection with all of the provisions of the will.   So construed, it is clearly apparent that it was the intention of the testator that the legal title to the one-third of the residue of his estate at the time his grandson David Love arrived at the age of 35 years was to vest in the trustee, and that Mrs. Charlotte J. Love has a beneficial interest in the fund only to the extent of receiving from it the sum of $200 per month for and during her life; that David and Lydia, the

testator's grandchildren, may or may not take the remainder ofter the death of Mrs. Charlotte J. Love, depending upon whether both or either of them outlives her; that the children of David and Lydia may not take the remainder after the death of Mrs. Charlotte J. Love, depending upon whether their respective parents predecease Mrs. Charlotte J. Love, and whether or not they or any one of them outlives his respective parent. If David and Lydia predecease Mrs. Charlotte J. Love, and if no children of David and Lydia survive them, then the remainder will be treated as a lapsed legacy upon the death of Mrs. Charlotte J. Love. Half of the remainder may be such a lapsed legacy if one parent dies before Mrs. Charlotte J. Love without leaving surviving child or children, while the other half of the remainder may go to the surviving parent or to the surviving child or children of a deceased parent. Under these two items of the will, construed together, Mrs. Charlotte J. Love takes a beneficial interest in the trust fund, title to which is in the trustee, to the extent of $200 per month for life; David and Lydia take defeasible vested remainder interest subject to be divested by their death prior to the death of Mrs. Charlotte J. Love; and the children of David and Lydia take a remainder interest contingent upon the death of their parent before the death of Mrs. Charlotte J. Love. Code, § 85-703; Redfearn on Wills (Revised Ed.), 322, § 186; *Riggins* v. *Adair & McCarty Bros.*, 105 *Ga.* 727 (31 S. E. 743); *Satterfield* v. *Tate*, 132 *Ga.* 256 (2) (64 S. E. 60). Under this construction of the will, David and Lydia had no such indefeasible vested-remainder interest in the trust fund as that a conveyance thereof by them to Charlotte J. Love would vest in her both the equitable and legal title to the trust property, which became executed because she was of full age and capacity, as provided in Code § 108-112, and as was the case in *Clark* v. *Baker*, 186 *Ga.* 65 (196 S. E. 750), relied on by the plaintiff in error; but the will creates a subsisting executory trust, and the legal title to the corpus of the one-third of the residue of the estate remains in the trustee, with the power to manage, sell, invest, exchange, and reinvest, and to keep the corpus secure for the purpose of paying to the life beneficiary the monthly amounts provided for, whether more or less than the income from the trust fund, and the remainder

thereof at her death to the remaindermen, to ascertain who they will be, and to distribute the estate among them when they are ascertained on the happening of the contingencies contemplated by the testator. *George P. Thomas & Co.* v. *Crawford,* 57 *Ga.* 211; *Jennings* v. *Coleman & Newsom,* 59 *Ga.* 718; *Cushman* v. *Coleman,* 92 *Ga.* 772 (19 S. E. 46); *Henderson* v. *Williams,* 97 *Ga.* 709 (25 S. E. 395); *Riggins* v. *Adair & McCarty Bros.,* 105 *Ga.* 727 (31 S. E. 743); *Woodbery* v. *Atlas Realty Co.,* 148 *Ga.* 712 (98 S. E. 472). In *Burton* v. *Patton,* 162 *Ga.* 610 (2) (134 S. E. 603), it is held: "Where a testator devises certain described realty to a named person as trustee for A 'during her natural life, and after her death to her children then in life, and respresentatives of any children who may have died leaving children, the children of deceased child or children taking their father's or mother's share', the terms of the devise are broad enough to embrace the fee in the premises described and this fee being carved up into an estate for life in favor of one beneficiary and remainders in behalf of the other beneficiaries, who are uncertain and unascertained, the will should be construed as clothing the trustee with full title, and the title as to the remainders should be considered as abiding in the named trustee so long, at least, as the identical persons who are to take and enjoy it are not ascertainable. Up to that time the trust is executory, and the remainder is an equitable, not a legal, estate." See also *Sanders* v. *First National Bank of Atlanta,* 189 *Ga.* 450 (6 S. E. 2d, 294); *Budreau* v. *Mingledorff,* 207 *Ga.* 538 (63 S. E. 326), and cases there cited. The trial court did not err in holding that items 17 and 18 of the will created a valid executory trust rather than a passive and executed trust, and that the assignments executed by David Love and Lydia Jean Love McManus to Mrs. Charlotte J. Love did not cause a merger of interests and estates, and the trust to become executed. In this view of the case, it is unnecessary to determine whether the act approved February 17, 1950 (Ga. L. 1950, p. 310) is applicable here.

*Judgment affirmed. All the Justices concur.*