S92A1321, S92A1323. THOMAS et al. v. THOMAS (two cases).
(425 SE2d 287)

BENHAM, Justice.

These appeals followed the decision of the probate court to appoint the county administrator as administrator de bonis non with will annexed of the estate of Gussie Thomas, after refusing to appoint the nominee of a majority in interest of the beneficiaries capable of expressing a choice. See OCGA § 53-6-24 (b) (1).

Appellants Dexter Thomas and June Combs and appellee W. Merrill Thomas are three siblings who were named co-executors of their mother's estate in the will that was filed with the probate court. The testatrix also included a provision ("Item Six") that the senior judge of the Superior Court of Clayton County appoint a successor executor, upon application of any of the three children, should the three be unable to administer the estate in an amiable, reasonable,

and efficient manner.[1] The week the will was filed for probate, the probate court issued an order to the parties to show cause why Item Six of the will should or should not be invoked. After a hearing, the probate court determined that an impartial administrator had to be appointed, and awaited a unanimous choice from the parties, or an appointment by the senior superior court judge of Clayton County. Appellee petitioned the superior court to appoint an impartial executor, and that court denied the petition, construing the will to mean that the probate court was the court with the power to make the appointment. Appellee appealed the superior court's order to the Court of Appeals in August 1991, but withdrew the appeal in February 1992.

During that litigation, the probate court appointed a temporary administrator because the three sibling/executors were engaged in litigation against each other and no executor or administrator with will annexed had qualified. Acting on behalf of the estate, the temporary administrator intervened in litigation filed by the estate of the decedent's late husband against appellee, which litigation culminated in a money judgment against appellee. Thereafter, appellants petitioned the probate court to appoint the temporary administrator as permanent administrator, and appellee sought the temporary administrator's dismissal and the appointment of his candidates as permanent administrators. The probate court, expressing concern that the temporary administrator's familiarity with the evidence of appellee's character presented in the lawsuit in which the temporary administrator intervened might unintentionally compromise the administrator's impartiality, relieved the temporary administrator of his duties and appointed the county administrator as administrator de bonis non with will annexed. Appellants filed an application for interlocutory appeal from that order (Case No. S92A1321), as well as a direct appeal from the same order (Case No. S92A1323).

1. We dismiss Case No. S92A1323, as it is a direct appeal from an interlocutory order, appeal of which must be done by application. See OCGA § 5-6-34 (b).

2. In granting appellants' application for interlocutory review, we expressed interest in whether the probate court erred when it failed to follow OCGA § 53-6-24 (b) and appoint as permanent administrator the nominee of a majority in interest of the beneficiaries. Upon review of the record, we have discerned that the probate court's failure to adhere to the dictates of the statute was the result of the court's attempt to comport with the testatrix's method, as set forth in her will, to name a successor executor.

It is apparent from the case law that a testator may name a suc-

---

[1] The three siblings were also the only devisees and legatees of the will.

cessor executor in the will (see *Rogers v. Rogers*, 113 Ga. App. 370 (147 SE2d 811) (1966)), and may describe the method by which an unnamed successor executor is to be chosen. See *Edwards v. Sosebee*, 188 Ga. 602 (4 SE2d 473) (1939); *Darnell v. Tate*, 208 Ga. 23 (64 SE2d 582) (1951), transferred to the Court of Appeals, 84 Ga. App. 831 (67 SE2d 819) (1951). Administration with the will annexed is granted when

> the decedent died testate but no executor . . . appears to qualify and execute the will . . . and no successor executor can be appointed. [OCGA § 53-6-29 (a).]

In the case before us, none of the three named executors qualified to serve as executor; however, the will provided for the appointment of an impartial successor executor in Item Six, and the probate court fulfilled that provision of the will by appointing the county adminis-trator. OCGA § 53-6-24 (b), which provides rules for the granting of letters with will annexed and upon which appellants rely, must be examined in light of OCGA § 53-6-29 (a)[2] and must be construed as being applicable in the absence of a testamentary provision for a suc-cessor executor. Inasmuch as the testatrix's will provided for a method of selection of a successor executor, the probate court did not err when it followed the provision of the will and declined to follow the statutory provisions.

*Judgment affirmed in Case No. S92A1321. Appeal dismissed in Case No. S92A1323. Clarke, C. J., Hunt, P. J., Fletcher, Sears-Collins and Hunstein, JJ., concur.*

DECIDED FEBRUARY 5, 1993.

*Howell & Whiting, James S. Howell, Louis Levenson & Associates, Louis Levenson,* for appellants.

*Thomas J. McBrayer,* for appellee.

---

[2] OCGA § 53-6-24 (b) and OCGA § 53-6-29 (a) were contained in the same bill passed by the General Assembly in 1991. Ga. L. 1991, p. 394, §§ 3 and 4.