S97A0079. ROBBINS v. VANBRACKLE.

(485 SE2d 468)

FLETCHER, Presiding Justice.

The named executor under the will of Mary M. Vanbrackle was unable to serve and the trial court construed the will as not naming a successor executor. The trial court appointed Vanbrackle's son Alton Vanbrackle as administrator with will annexed and her daughter Joy Robbins appeals. Because Vanbrackle's will did not appoint a successor executor in the event her named executor was incompetent, and because the trial court followed the correct statutory procedures in appointing Vanbrackle, we affirm.

Mary Vanbrackle executed her will in 1967 and named her mother as executor, with Robbins as executor "in the event that my mother should predecease me." When Mary Vanbrackle died in 1995, her mother was still living but was incompetent.

OCGA § 53-2-91 requires a trial court to ascertain and give effect to the intention of a testator, but that "if a clause as it stands may have effect, it shall be so construed, however well satisfied the court may be of a different testamentary intention." The language of Mary Vanbrackle's will is unambiguous. The only contingency contemplated for the appointment of Robbins as executor is that Mary Vanbrackle's mother predecease her. This contingency did not occur. Even though a court may be satisfied that the testator intended that Robbins be successor executor in the event her mother could not serve *for any reason*, the will did not so specify. Therefore, the trial court was not required to appoint Robbins as executor. The trial court correctly followed the procedure of OCGA §§ 53-6-29 and 53-6-24 in appointing her son as administrator with the will annexed when he was the choice of the majority of heirs under the will.

*Judgment affirmed. All the Justices concur, except Hunstein and Carley, JJ., who dissent.*

CARLEY, Justice, dissenting.

In her will, Mary M. Vanbrackle (Testatrix) named her mother as executrix and further provided that, "in the event that [her] mother should predecease [her]," then her daughter, Joy Robbins, was to serve as executrix. At the time of Testatrix's death, her mother was still living, but was incompetent to serve as executrix. When Testatrix's will was offered for probate, her son, Alton Vanbrackle, objected to the appointment of Ms. Robbins as successor executrix. The probate court admitted the will to probate and appointed Mr. Vanbrackle as administrator with will annexed because a majority of the heirs at law had selected him. Ms. Robbins appeals, contending that she should have been named successor executrix, but the majority affirms the probate court. In my opinion, the order of the probate court fails to give effect to Testatrix's testamentary intent and is, therefore, erroneous. Thus, I must respectfully dissent.

In construction of a will, the cardinal rule is to strive diligently to ascertain the intent of the testatrix and give it effect to the extent consistent with the law. *In re Will of Lewis*, 263 Ga. 349, 351 (1) (434 SE2d 472) (1993). Because all wills differ, each is a law unto itself and must be construed according to its own terms. *Bratton v. Trust Co.*, 191 Ga. 49, 56 (2) (11 SE2d 204) (1940). " 'Precedents, or adjudged cases, are of but little authority, and of dangerous application, in deciding upon the intention of a testator.' [Cit.]" *Stringfellow v. Harman*, 207 Ga. 62, 64 (60 SE2d 139) (1950). "Every will is a thing to itself. It is emphatically not only *sui juris* but *sui generis*. Its terms are its own law . . . ." *Olmstead v. Dunn*, 72 Ga. 850, 855-856 (1884).

In her will, Testatrix did not fail to provide for a successor executrix. To the contrary, the will specifically provided that Ms. Robbins would fulfill that role. It is true that the will's provision for a successor executrix was made conditional upon Testatrix's mother predeceasing her and that the common definition of "predecease" is "to die first." In construing a will, however, it is not "always safe to turn the inquiry into a quest to discover the precise meaning of a word according to scholarly standards. . . ." *Everitt v. LaSpeyre*, 195 Ga. 377, 378 (24 SE2d 381) (1943). " 'A word is not a crystal, transparent and unchanged. It is the skin of a living thought, and may vary greatly in color and content according to the circumstances and the time in which it is used.' [Cit.]" *Everitt v. LaSpeyre*, supra at 379. "[T]he intention of the testator should control, rather than a narrow technical construction of the words used in his will. [Cits.]" *Butts v. Trust Co.*, 209 Ga. 787, 790 (75 SE2d 745) (1953).

Obviously, Testatrix was concerned about who would serve as her successor executrix, because she expressly named Ms. Robbins,

rather than Mr. Vanbrackle, to serve in that capacity. Although Ms. Robbins' service was made conditional upon whether Testatrix's mother predeceased her, there is nothing in the will to indicate that Testatrix intended that the word "predecease" would not apply where, as here, her mother may be physically alive, but yet mentally incompetent to serve as her executrix. Because Testatrix expressly provided for a successor executrix, it is illogical to presume that it was her intent that the successor executrix serve in the limited event that her mother was dead, but that she not serve in the equally disqualifying event that her mother was incapacitated mentally. It is apparent that the will employed the word "predecease" to mean that Ms. Robbins would serve in the event that, at the time of Testatrix's own death, her mother was unavailable to do so.

A determination not to appoint Ms. Robbins as successor executrix can be based only upon a mechanical adherence to the technical definition of "predecease." In construction of a will, however, "no separate phrase should be magnified by microscopic scrutiny to the point of distortion of the underlying intent of the testator." *Comer v. C & S Nat. Bank*, 182 Ga. 1, 5 (185 SE 77) (1935). Based upon a construction of the entirety of Testatrix's will, rather than a limited consideration of the technical definition of the word "predecease," the probate court erred in failing to appoint Ms. Robbins as successor executrix. See *Thomas v. Thomas*, 262 Ga. 707 (425 SE2d 287) (1993) (although the testatrix's plan for appointment of a successor executor could not be followed exactly, the appointment of a successor executor nevertheless affirmed as effectuating the testatrix's intent). Accordingly, I respectfully dissent.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED APRIL 28, 1997.

*McAleer, Gaskin & Johnson, James E. McAleer, Jr.*, for appellant.

*Simon, Booth, Cook & Cardillo, Robert R. Cook*, for appellee.