McFadden, Judge,
concurring fully and specially.
I concur fully. I agree that, for the reasons well and thoughtfully explained by the majority, we cannot adopt the Attorney General’s arguments about the intention of the General Assembly regarding the statute before us today. I write separately to emphasize, however, that Georgia courts are bound by statute and precedent to give due consideration to the intention of the General Assembly.
OCGA § 1-3-1 (a) directs:
In all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy. Grammatical errors shall not vitiate a law. A transposition of words and clauses may be resorted to when a sentence or clause is without meaning as it stands.
*7 Similarly OCGA § 13-2-3 directs that in the interpretation of contracts, “[t]he cardinal rule of construction is to ascertain the intention of the parties. If that intention is clear and it contravenes no rule of law and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction.”
Those provisions are deeply imbedded in our law. A Westlaw search indicates that each statute — or the principle set out in it — has been cited hundreds of times by this court and by our Supreme Court. Very often the authority cited for the principles set out in those statutes is case law rather than the statutes. See, e.g., Cox v. Fowler, 279 Ga. 501, 502 (614 SE2d 59) (2005) (citing Carringer v. Rodgers, 276 Ga. 359, 363 (578 SE2d 841) (2003) for the proposition that “the cardinal rule in construing a legislative act, is ‘to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose’ ”); TermNet Merck. Svcs. v. Phillips, 277 Ga. 342, 344 (588 SE2d 745) (2003) (citing Gen. Elec. Credit Corp. v. Brooks, 242 Ga. 109, 112 (249 SE2d 596) (1978) for the proposition that “[w]hen construing statutory phrases, of course, we look diligently for the General Assembly’s intention, bearing in mind relevant old laws, evils sought to be addressed and remedies interposed”); Holcim (US) v. AMDG, 265 Ga. App. 818, 820 (596 SE2d 197) (2004) (citing Nguyen v. Talisman Roswell, L.L.C., 262 Ga. App. 480, 482 (585 SE2d 911) (2003) for the proposition that “the cardinal rule of contract construction is to ascertain the intention of the parties”); Seaboard C.L.R. Co. v. Blackmon, 129 Ga. App. 342, 344 (199 SE2d 581) (1973) (citing Barrett & Carswell v. Pulliam, 77 Ga. 552 (1866), and Jenkins v. State, 93 Ga. App. 360 (92 SE2d 43) (1956), for the proposition that in interpreting legislative acts, “the courts shall look diligently for the intention of the General Assembly keeping in view at all times the old law, the evil and the remedy”).
Both of those statutes were in the first Georgia Code. Current OCGA § 1-3-1 (a) was § 5 of the Code of 1863. Current OCGA § 13-2-3 was § 2719 of that Code.
And the principle set out in OCGA § 1-3-1 (a) predates the Code of 1863. A few years after that Code was adopted our Supreme Court wrote:
The Code directs that statutes be construed with reference to the intention of the legislature, and that the old law, the mischief and the remedy, be considered to arrive at that intention (Code, § 4, par. 9); and such was the rule long before there was any code of laws compiled for this state.
*8 Decided March 2, 2016.
Willie E Wright, Jr., pro se.
Everett v. Planters’ Bank, 61 Ga. 38, 41 (1878). See also Forman v. Troup, 30 Ga. 496, 498-499 (1860) (“[0]ur Act of 1854 seems to me conclusive. Look at [the statute in question] by the old rule of construction — the old Law — the mischief, and the remedy.”).
Indeed the line of Georgia authority for that principle reaches back to Blackstone’s Commentaries on the Laws of England. See Booth v. Williams, 2 Ga. 252, 254 (1847) (“One of the fundamental common law rules for the construction of remedial statutes is, to consider the old law, the mischief, and the remedy; and it is the business of the Judges so to construe the statute, as to suppress the mischief and advance the remedy. 1 Black. Com. 87.”). See also Persons v. Hight, 4 Ga. 474, 501 (1848) (Warner, J., dissenting) (“ ‘There are three points,’ says Blackstone, ‘to be considered in the construction of all remedial statutes; the old law, the mischief, and the remedy; that is, how the old law stood at the making the Act; what the mischief was for which the Common Law did not provide; and what remedy the Legislature hath provided to cure this mischief. And it is the business of the Judge so to construe the Act as to suppress the mischief and advance the remedy.’ 1 Bl. Com. 87.”).
Accordingly our Supreme Court has adopted Justice Oliver Wendell Holmes’s poetic observation that, “A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used.” Towne v. Eisner, 245 U. S. 418, 425 (38 SCt 158, 62 LE 372) (1918), quoted in Everitt v. LaSpeyre, 195 Ga. 377, 379 (24 SE2d 381) (1943) and in Robbins v. Vanbrackle, 267 Ga. 871, 872 (485 SE2d 468) (1997) (Carley, J., dissenting).
Implicit in that observation is recognition that an idea and the words used to express it are intertwined but distinct. It follows that the words used to express an idea sometimes, and perhaps always, do so imperfectly.
But in recognizing such imperfections of expression, judges must take care not to confuse their own policy preferences for the policy choices of the legislature. And a judge’s recognition of the policy a statute was intended to advance does not authorize the judge to advance that policy further than did the legislature — particularly where, as here, the advance of one policy is at the expense of others.
*9 Samuel S. Olens, Attorney General, A. Ellen Cusimano, Assistant Attorney General, for appellees.